IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATALIA R. KASTELIK, | * |
| Plaintiff, | * |
| v. | *  Civil Case No. SAG-24-1474 |
| TANGER MANAGEMENT, LLC, | * |
| Defendant. | * |

**MEMORANDUM OPINION**

In this tort action, this Court has considered the motion filed by Defendant Tanger Management, LLC ("Tanger") to dismiss for *forum non conveniens* or, in the alternative, to transfer venue. ECF 12. Plaintiffs Natalia R. Kastelik and Francis Ciociola opposed the motion, ECF 13, and Tanger filed a reply, ECF 14. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, the Motion will be denied without prejudice.

I. **FACTUAL BACKGROUND**

The facts below are derived from the Complaint and are taken in the light most favorable to Plaintiffs, the non-moving party. Kastelik, who is a Maryland resident, shopped at a Tanger Outlets facility in Fort Worth, Texas on August 15, 2022. ECF 1 ¶ 4. While walking to her car, she tripped on a steel plate with a piece of "angle iron" that was protruding upward, which caused her to fall and fracture her left wrist. *Id.* She received emergency treatment at the Texas Health Harris Methodist Hospital. *Id.* Tanger subsequently attempted a temporary repair of the area where Kastelik fell. *Id.* ¶ 5. Kastelik sustained damages including medical expenses, loss of wages, and pain and suffering. *Id.* ¶ 6. Kastelik and her husband, Ciociola, also suffered a loss of consortium. *Id.* ¶¶ 13, 14.

1

II.    **ANALYSIS**

    A. *Forum Non Conveniens*

Tanger argues that the case should be dismissed for *forum non conveniens* "based on the finding that, when weighed against plaintiff's choice of forum, the relevant public and private interests strongly favor a specific, adequate, and available alternative forum." *Kontoulas v. A.H. Robins Co.,* 745 F.2d 312, 315 (4th Cir. 1984). This Court agrees, and the parties do not seem to contest, that the Northern District of Texas would be both adequate and available. The question is simply whether this Court can find that "the relevant public and private interests" strongly favor that forum, given the Plaintiffs' choice of forum here.

On the present record, this Court cannot make that finding. The private interests appear, at this early stage, relatively evenly divided. There are relevant witnesses (namely the Plaintiffs) and evidence (such as medical records) here in Maryland, and relevant witnesses (not yet named) and physical evidence in Texas. Other factors to be considered are those pertaining to the public interest, described by the Supreme Court as:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947). While some of those factors weigh in favor of Texas here, this Court cannot say that those factors "strongly favor" that forum in light of the Plaintiffs' selection of Maryland and the other factors weighing in its favor. In sum, this Court is

of the view that the correct lens for choosing the most appropriate forum will be the statutory considerations addressed below.

### B. Motion to Transfer

Alternatively, Tanger argues that transfer of venue is warranted under 28 U.S.C. § 1404. That statute provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "District courts within this circuit consider four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers and Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). "As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" *Id.* (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)). Given that substantial weight afforded to Plaintiffs' choice of forum, Tanger would have to make a compelling showing as to the remaining factors to justify a transfer. Tanger essentially cites three reasons: the location of physical evidence including the accident site, the applicability of Texas law, and the location of potential witnesses. ECF 12-1 at 8–9. At this early stage, however, Tanger has not provided sufficient information for this Court to make adequate findings about witness convenience and access or the interest of justice, other than the general local interest in having localized disputes decided at home and the Texas court's greater familiarity with Texas law. It is unclear at present who the witnesses will be and where they live, and what the evidence will look like. For example, is the condition that allegedly caused the fall still present, such that site visits may be helpful or required, or have the conditions changed? Will treating

physicians be necessary witnesses, or will the damage issues be largely stipulated? How many employees of the Fort Worth outlet (or other witnesses from the scene) will have relevant testimony? These issues can be explored in discovery, which will not look meaningfully different whether this case is pending in Maryland or Texas. And this Court notes that a motion for transfer of venue pursuant to 28 U.S.C. § 1404 "may be made at any time." *See Lencco Racing Co., Inc. v. Arctco, Inc.*, 953 F. Supp. 69, 70 n.1 (W.D.N.Y. 1997); *see also Ademiluyi v. Nat'l Bar Ass'n*, Civ. No. GJH-15-02947, 2016 WL 4705536, at *4 (D. Md. Sept. 8, 2016) ("Indeed, 'nothing bars a court from granting a motion to transfer venue at a later stage in the case.'") (quoting *Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 271 (D. Conn. 2006)). This Court therefore denies the motion to transfer venue without prejudice to Tanger re-raising the issue at a later stage of the case, when more information is available about the relevant evidence and the identities and locations of the witnesses who will have to testify at court proceedings or in discovery.

### III.  CONCLUSION

For the reasons set forth above, Tanger's Motion to Dismiss, or in the alternative, Motion to Transfer, ECF 12, will be DENIED without prejudice. A separate Order follows.


Dated: August 29, 2024                                    /s/
                                                  Stephanie A. Gallagher
                                                  United States District Judge